UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGITAL IMPACT, INC., | )<br>)<br>) No. C05-0990 SBA (BZ) |
| Plaintiff(s), | )<br>) |
| v. | ) **SETTLEMENT CONFERENCE**<br>) **ORDER - PATENT CASE** |
| YESMAIL, INC., | )<br>) |
| Defendant(s). | )<br>)<br>) |

   The above matter was referred to me for settlement purposes.

   On December 5, 2005, I conducted a telephonic hearing at which both sides were represented by counsel.  With the consent of the parties and good cause appearing, **IT IS HEREBY ORDERED** that no later than **January 13, 2006, Kevin Johnson**, the Senior Vice President of Products and Marketing for plaintiff, Digital Impact, and **Fred Vakili**, Chief Administrative Officer and

1  Corporate Secretary for defendant Yesmail, Inc., shall meet in
2  person, preferably outside the presence of counsel, to discuss
3  a resolution of this dispute.  They shall meet in **San**
4  **Francisco, California** or in any other place to which they both
5  agree.  The principals are urged to explore a creative,
6  business resolution of their dispute.  If the case settles, the
7  parties are to notify the Court immediately.
8      Each party shall provide the other informally,
9  expeditiously and pursuant to Federal Rule of Evidence 408 with
10 all information reasonably needed to further the progress of
11 the settlement negotiations.  Confidential information may be
12 provided subject to a protective order.
13     If there is no settlement, it is **ORDERED** that a telephonic
14 conference is scheduled for **January 18, 2006, at 3:00 p.m.**, to
15 discuss the status of the negotiations.  Counsel for plaintiff
16 shall get counsel for defendant on the line and call chambers
17 at **415-522-4093**.  The principals need not participate.
18     It is further **ORDERED** that a Settlement Conference is
19 scheduled for **February 10, 2006 at 9:00 a.m.**, in Courtroom G,
20 15th Floor, Federal Building, 450 Golden Gate Avenue, San
21 Francisco, California 94102. Counsel who will try the case
22 shall appear at the Settlement Conference with the party
23 principals who met earlier.  The negotiations will be
24 principally among the party principals in my presence.
25     Each party shall prepare a Settlement Conference
26 Statement, which must be served on opposing counsel and lodged
27 (not faxed) with my chambers no later than seven calendar days
28 prior to the conference.  The Statement shall **not** be filed with

2

the Clerk of the Court.  The Statement **may** be submitted on CD-ROM with hypertext links to exhibits.  Otherwise, the portion of exhibits on which the party relies **shall** be highlighted.  The Settlement Conference Statement shall not exceed ten pages of text and twenty pages of exhibits and shall include the following:

    1.  A brief statement of the facts of the case.

    2.  A brief statement of the claims and defenses including, but not limited to, statutory or other grounds upon which the claims are founded.

    3.  A summary of any related litigation.

    4.  A summary of the proceedings to date and any pending motions.

    5.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

    6.  The relief sought, including an itemization of damages.

    7.  The parties' position on settlement, including present demands and offers and a history of past settlement discussions.  The Court's time can best be used to assist the parties in completing their negotiations, not in starting them.  So there is no confusion about the parties' settlement position, plaintiff must serve a demand in writing no later than fourteen days before the conference and defendant must respond in writing no later than eight days before the conference.  The parties are urged to carefully evaluate their case before taking a settlement position since extreme positions hinder the settlement process.

1  Along with the Statement each party shall lodge with the
2 court a document of no more than three pages containing a
3 **candid** evaluation of the parties' likelihood of prevailing on
4 the claims and defenses, and any other information that party
5 wishes not to share with opposing counsel.  The more candid the
6 parties are, the more productive the conference will be.  This
7 document shall not be served on opposing counsel.
8     It is not unusual for conferences to last three or more
9 hours.  Parties are encouraged to participate and frankly
10 discuss their case.  Statements they make during the conference
11 will not be admissible at trial in the event the case does not
12 settle.  The parties should be prepared to discuss such issues
13 as:
14     1. Their settlement objectives.
15     2. Any impediments to settlement they perceive.
16     3. Whether they have enough information to discuss
17 settlement.  If not, what additional information is needed.
18     4. The possibility of a creative resolution of the
19 dispute.
20     The parties shall notify chambers immediately if this case
21 settles prior to the date set for settlement
22 conference.  Counsel shall provide a copy of this order to each
23 party who will participate in the conference.
24 Dated: December 14, 2005

_____
Bernard Zimmerman
United States Magistrate Judge

g:\bzall\-refs\refs.05\digital impact.yesmail.wpd